No. 1148          December 31, 2025          279

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

NEWSUN ENERGY, LLC,
*Petitioner,*

*v.*

PUBLIC UTILITY COMMISSION OF OREGON,
Portland General Electric, and PacifiCorp,
*Respondents.*

Public Utility Commission of Oregon
UM2273;
A184849

Argued and submitted December 2, 2025.

Marie Barlow argued the cause for petitioner. On the briefs were Casey M. Nokes, Richard G. Lorenz, Tyler R. Whitney, and Cable Huston LLP.

Jordan R. Silk, Assistant Attorney General, argued the cause for respondent Public Utility Commission of Oregon. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Dallas DeLuca argued the cause for respondents Portland General Electric and PacifiCorp. Also on the brief was Markowitz Herbold PC.

Before Ortega, Presiding Judge, Lagesen, Judge, and Hellman, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Petitioner NewSun Energy, LLC seeks judicial review of orders of the Public Utility Commission entered in Docket UM 2273. The commission opened that docket for the purpose of investigating—through a contested case process—issues related to the implementation of HB 2021 (2021), a measure enacted by the Oregon Legislature to decarbonize Oregon's electric grid.[1] Although the orders addressed a number of issues, petitioner's focus is on one. Petitioner contends that, to the extent the orders addressed the policy provisions contained in ORS 469A.405, the orders rest on a misinterpretation of ORS 469A.405(2). In response, the commission contends that its order reflects no error. Portland General Electric Company and PacifiCorp, who have appeared as respondents along with the commission, contend that the order on review does not constitute a "final order" under ORS 183.480(1) and that the proceeding should be dismissed for that reason. Alternatively, they contend that the commission did not legally err. We affirm.

As an initial matter, we reject the contention that the orders are not final orders for purposes of ORS 183.480(1) and conclude that we have jurisdiction to review them.

As for the merits, our review is governed by ORS 183.482. ORS 756.610(1) (providing for review of final orders as orders in contested cases under ORS 183.480 to ORS 183.497). In this case, petitioner contends that the agency's orders rest on an erroneous interpretation of ORS 469A.405(2). Accordingly, we review to determine whether "the agency has erroneously interpreted a provision of law and [whether] a correct interpretation compels a particular action." ORS 183.482(8)(a).

ORS 469A.405 sets forth the four legislative policy objectives underlying HB 2021. ORS 469A.405(2) provides that one of those policy objectives is to achieve certain ancillary benefits for Oregon communities "to the maximum extent practicable":

---

[1] HB 2021 (2021) is codified at ORS 469A.400 *et seq.*, and in amendments to other statutes not at issue here.

> "That electricity generated in a manner that produces zero greenhouse gas emissions also be generated, to the maximum extent practicable, in a manner that provides additional direct benefits to communities in this state in the forms of creating and sustaining meaningful living wage jobs, promoting workforce equity and increasing energy security and resiliency."

ORS 469A.405(2). In this case, petitioner contends that in the orders on review, the commission effectively nullified that policy objective by declaring ORS 469A.405(2) to be inoperative. In support of its reading of the commission's order, petitioner points to the emphasized wording in this sentence: "We affirm our scoping order's preliminary determination that HB 2021 does not include any explicit requirement for in-state resources, *nor does it include any operative provisions that requires regulated entities to produce in-state benefits*." (Emphasis added.) From the reference to there being no "operative provisions that requires regulated entities to produce in-state benefits" petitioner infers that the commission concluded erroneously that the policy consideration expressed in ORS 469A.405(2) is entitled to no weight in the evaluation of the clean energy plans (CEPs) required to be developed under HB 2021.

That inference, although perhaps understandable given the commission's use of the word "operative," is not tenable in the context of the order's next sentence: "However, HB 2021's policy statements do clearly favor maximizing direct benefits to communities in Oregon and we do not intend to ignore these statements when reviewing CEPs." That sentence indicates to us that the commission understands the legislature to have required it to give some weight to the policy considerations identified in ORS 469A.405(2) when evaluating CEPs. Indeed, counsel for the commission acknowledged at oral argument that it would be reversible error for the commission to conclude that it could completely disregard ORS 469A.405(2) in its evaluation of CEPs. Under these circumstances, we are not persuaded that the commission's order rests on the erroneous interpretation of ORS 469A.405(2) that petitioner posits. Although we recognize that there may be future disputes about how, precisely, the ORS 469A.405(2) policy considerations should

be accounted for in the CEP approval process, it would be premature for us to opine on that question, which belongs to the commission in the first instance.

Affirmed.